IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY SPANOS, INC.,<br>GEORGE A. SPANOS, as Trustee of the<br>George A. Spanos Living Trust, and<br>GUS DINOS,<br><br>Defendants. | ) | Civil Action No. |

**COMPLAINT**

Plaintiff, the United States of America, by authority of the Attorney General and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

Nature of the Action

1. This is a civil action brought pursuant to Sections 104(e)(5)(B), 107(a)(1), and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9604(e)(5)(B), 9607(a)(1), 9613(g)(2), for: (i) civil penalties for the failure to comply with an Administrative Order and information requests issued by EPA regarding the Georgia Avenue PCE Superfund Site (“Site”), located in Washington, D.C; (ii) recovery of environmental response costs incurred at the Site by the United States; and (iii) a declaratory judgment on liability that will be binding on any subsequent actions to recover

additional response costs in connection with the Site.

Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331, 1345.

3. Venue is proper in the District of Columbia pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b)(2).

Defendants

4. Defendant Anthony Spanos, Inc. ("ASI") is a corporation formed under the laws of the District of Columbia.

5. Defendant George A. Spanos ("George Spanos") is a resident of the Commonwealth of Virginia. He is joined to this action in his capacity as trustee of the George A. Spanos Living Trust.

6. Defendant Gus Dinos is a resident of the State of Maryland.

Description of the Site

7. The Site is comprised of several parcels of property located at and near 6143 Georgia Avenue, NW, in Washington, DC. ("Georgia Avenue Property")

8. In 1957, Anthony Spanos, father of Defendant George Spanos, established a dry-cleaning business at the Georgia Avenue Property.

9. In 1964, Anthony Spanos incorporated Defendant ASI to operate the dry-cleaning business.

10. In 1967, Anthony Spanos purchased the Georgia Avenue Property.

11. Anthony Spanos died in 1988. Under his will, his wife Catherine Spanos inherited a life estate in the Georgia Avenue Property with the power to appoint a remainder in Anthony Spanos's children, grandchildren, or the spouse of any of them.

12. Under Anthony Spanos's will, the Georgia Avenue Property was placed in a testamentary trust for the benefit of Catherine Spanos. Defendant George Spanos and Catherine Spanos held title to the Georgia Avenue Property jointly as trustees.

13. In her own will, Catherine Spanos granted the remainder of her estate, including her interest in the testamentary trust, to her three children, including Defendant George Spanos, and devised to George Spanos so much of the trust's interest in the Georgia Avenue Property as he thereafter elected to retain.

14. When Catherine Spanos died in 2000, full property rights in the Georgia Avenue Property passed to Defendant George Spanos and his two sisters.

15. In 2008, George Spanos conveyed the Georgia Avenue Property to himself as sole trustee of the George A. Spanos Living Trust. George Spanos currently holds legal title to the Georgia Avenue Property as trustee and shares equitable title as beneficiary with his sisters.

16. Defendant Gus Dinos managed and operated ASI's dry cleaning business at the Site from approximately 1966 to 2011, when ASI ceased operations.

The Emergency Removal Action

17. ASI used the dry-cleaning solvent perchloroethylene ("PCE") in its operations; PCE is a hazardous substance listed at 40 C.F.R. § 302.4.

18. PCE accumulated beneath the foundation of the building in which ASI conducted business.

19. In October 2008, the District of Columbia Department of Environment ("DDOE") and the District of Columbia's Office of the State Superintendent of Education closed and suspended the operating license of the Quickie Becky Child Care Development Center ("the Day Care Center") for indoor air levels of PCE that exceeded DDOE's maximum permissible level.

20. The Day Care Center is immediately next door to the location where ASI conducted its dry-cleaning business.

21. In 2009, DDOE requested that EPA utilize its emergency response capabilities to assess PCE releases at the Site.

22. EPA's investigation in May and July 2009 revealed high levels of PCE in air samples from the interior of ASI's facility and in soil-gas samples taken from beneath the building's foundation. EPA also found elevated levels of PCE in the indoor air of the Day Care Center and in the basement of the Day Care Center.

23. On August 9, 2009, EPA initiated a time-critical removal action after finding that the PCE at the Site was a threat to human health, that the PCE had the potential to migrate, and that DDOE lacked the resources to respond fully to the threat.

24. The removal included, *inter alia*, assessment of releases of PCE at the Site, the placing of portable, temporary carbon-filter units at the Site, and installation of soil-vapor-extraction systems to reduce the potential of releases of PCE.

Requests For Information

25. On March 19, 2012, EPA sent ASI a letter request for information under authority of Section 104(e)(2) of CERCLA to the address provided by ASI's registered agent, Mr. Gus

Dinos. EPA's information request asked for information limited to the categories within EPA's statutory authority pursuant to Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

26. EPA requested the information from ASI because, based on the sampling performed by EPA at the Site, EPA has a reasonable basis to believe that there is a continuing release or threat of release of the hazardous substance PCE at the Site.

27. EPA's March 19, 2012 request letter was never claimed by ASI. On June 14, 2012, EPA re-sent the request directly to the home of ASI's registered agent, Mr. Gus Dinos. It was received and signed for by Mr. Dinos as agent for ASI on June 16, 2012.

28. EPA sent a follow-up notice to ASI on August 22, 2012.

29. On April 15, 2013, in accordance with Section 104(e)(5)(A) of CERCLA, 42 U.S.C. § 9604(e)(5)(A), EPA issued an Administrative Order to ASI and Gus Dinos, in his capacity as an officer of ASI, to compel compliance with the 2012 information request. ASI's and Mr. Dinos's response in compliance with the Administrative Order was required by June 14, 2013.

30. On or about July 15, 2013, EPA sent an additional letter request for information under authority of Section 104(e)(2) of CERCLA, directed to Gus Dinos in his personal capacity. EPA's information request asked for information limited to the categories within EPA's statutory authority pursuant to Section 104(e) of CERCLA, 42 U.S.C. § 9604(e). On August 12, 2013, the letter request was accepted and signed for by Gus Dinos's wife at his address in Boynton Beach, Florida.

31. On May 6, 2014, Defendants ASI and Gus Dinos provided responses to EPA's Administrative Order and information request.

General Allegations

32.   Defendants are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

33.   The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

34.   "Hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) were disposed of at the Site.

35.   There has been a "release or threatened release," as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances into the environment at the Site.

36.   In accordance with Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), and the National Contingency Plan, 40 C.F.R. Part 300, EPA conducted a removal action at the Site to protect public health, welfare, or the environment.  EPA has incurred response costs for its actions related to the Site.

FIRST CAUSE OF ACTION
(Civil Penalties)

37.   The foregoing Paragraphs are incorporated by reference as if fully stated herein.

38.   Pursuant to Section 104(e)(5)(B) of CERCLA, 42 U.S.C. § 9604(e)(5)(B), and , 40 C.F.R. Part 19, the Defendants ASI and Gus Dinos are subject to a civil penalty of up to $37,500 for each day from the date the response to the requests for information and the Administrative Order was due, until the date that the information was finally provided.

SECOND CAUSE OF ACTION
(Recovery of Response Costs)

39. The foregoing Paragraphs are incorporated by reference as if fully stated herein.

40. The United States incurred costs authorized by Section 104 of CERCLA, 42 U.S.C. § 9604, as a result of the release or threat of release of hazardous substances from the Site.

41. The United States' actions at the Site were "response" actions as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

42. The costs incurred by the United States in conducting the response actions were incurred in a manner not inconsistent with the National Contingency Plan, promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

43. Defendants ASI and George Spanos are among the classes of persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1). Specifically, ASI was the "operator" of the dry-cleaning business operated at the Site, and George Spanos is the "owner" of the Site, in his capacity as Trustee of the George A. Spanos Living Trust.

44. Therefore, pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), Defendants ASI and George Spanos are jointly and severally liable for the payment of response costs incurred by the United States as a result of the response actions taken at the Site.

THIRD CAUSE OF ACTION
(Declaratory Judgment)

45. The foregoing Paragraphs are incorporated by reference as if fully stated herein.

46. The United States will continue to incur response costs at the Site for, *inter alia*, upkeep of the soil-vapor-extraction systems installed at the Site and monitoring of Site

conditions.

47. Defendants ASI and George Spanos are subject to a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), on liability for response costs or damages that will be binding on any subsequent actions to recover further response costs or damages.

PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court enter a judgment against Defendants as follows:

A. Finding Defendant ASI in violation of Section 104(e) of CERCLA 42 U.S.C § 9604(e), for its failure to timely comply with EPA's Administrative Order and June 2012 request for information regarding the Site, and imposing a civil penalty upon ASI of no more than $37,500 per day for each day of violation.

B. Finding Defendant Gus Dinos in violation of Section 104(e) of CERCLA 42 U.S.C § 9604(e), for his failure to timely comply with EPA's Administrative Order and August 2013 request for information regarding the Site, and imposing a civil penalty upon the Defendant Gus Dinos of no more than $37,500 per day for each day of violation.

C. Finding Defendants ASI and George Spanos jointly and severally liable pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), and ordering the Defendants to pay all response costs incurred by the United States, plus accrued interest.

D. Entering a declaratory judgment of liability under Section 113(g)(2) of CERCLA,

42 U.S.C. § 9613(g)(2), against Defendants George Spanos and ASI, Inc. that will be binding on any subsequent action by the United States to recover further response costs or damages incurred at the Site.

E. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

ROBERT G. DREHER
Acting Assistant Attorney General,
Environment and Natural Resources Division
United States Department of Justice

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section

_/s/_Robert E. Lefevre_____
ROBERT E. LEFEVRE,
Trial Attorney
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-8860
Robert.Lefevre@usdoj.gov

RONALD C. MACHEN, Jr.
United States Attorney
District of Columbia

KEITH MORGAN
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, NW
Washington, DC 20530

Of Counsel:
ROBERT HASSON
Senior Assistant Regional Counsel
EPA Region III
Philadelphia, PA 19103